NEW-YORK,
May, 1811.

STRONG
v.
TOMPKINS.

———————

STRONG *against* TOMPKINS and another.

Where a deputy sheriff, instead of taking a bail bond from *A.* whom he had arrested, took from him a negotiable note, made by *B.* which *A.* endorsed in blank to the deputy sheriff, for his security; and the deputy sheriff afterwards bro't an action, as endorsee, against the maker of the note, it was held, that the assignment or transfer of the note to the deputy sheriff, was illegal and void, being contrary to the statute; and that the maker might avail himself of this fact to defeat the action.

THIS was an action of *assumpsit*, brought by the plaintiff, as endorsee of a promissory note, for 500 dollars, against the defendants, as makers, dated 29th *May*, 1807, payable to *Henry Pitcher* or order, on the 1st *May*, 1809. There was a blank endorsement to the payee, and by *Isaac Spoor*, which endorsement was made before the note became due. The cause was tried at the *Columbia* circuit, in *September*, 1810, before Mr. Justice *Thompson*.

The defendants gave in evidence a receipt, signed by the plaintiff, as follows: " Received from *Henry Pitcher*, a promissory note, drawn by *Nathaniel Tompkins* and *Nehemiah Tompkins*, payable to *Henry Pitcher* or order, dated 9th *May*, 1809, and payable the 1st *May*, 1809, which is left in my hands, to be applied to the settlement of a demand, on which he is sued, in favour of *Nicholas Kilmore*, and also to the settlement of a demand of *Henry Avery* and *Charles*

*Suydam* against *Isaac Spoor*, on which said *Spoor* also is sued. It is understood that the said *Pitcher* and *Spoor* are to attend to the entry of special bail, in the said causes, in due season, and to do whatever is necessary to be done, to indemnify said *Strong*, as sheriff, in said suits, or to forfeit the amount of the said note. *Jeremiah H. Strong.*"

The plaintiff's counsel objected to this evidence, but the objection was overruled by the judge, and the evidence admitted. It was admitted, that the plaintiff was deputy sheriff, and acted as such, when he took the note and gave the receipt: and the judge was of opinion, that the evidence was sufficient to prevent the plaintiff's recovery. The plaintiff then offered to prove, that he had paid the moneys, recovered by the plaintiff, in the suits mentioned in the receipt; but this evidence was overruled by the judge, who directed the plaintiff to be called, and a nonsuit to be entered, with liberty to the plaintiff to move the court to set it aside.

A motion was made to set aside the nonsuit, and for a new trial.

*Van Buren* and *Foot*, for the plaintiff, contended, that this cause was within the settled rule of law, that the maker of a negotiable note, endorsed before it was payable, could not, in an action brought by the endorsee, set up a want of consideration, or avail himself of any matter of defence arising between him and the payee.

If this was a suit, between the parties, on an *obligation*, it might be within the 13th section of the act, (24th sess. c. 28.) which prohibits sheriffs from taking obligations, by colour of their office, other than in the form prescribed by the act. But the transfer of the note to the plaintiff was a mere authority to sue, and the defendants cannot possibly be prejudiced by the present action. Their rights are not varied, or affected, by the conduct of the plaintiff and the other parties. They ought not, there-

fore, to be allowed to set up this defence to defeat the plaintiff's action, and to avoid their own responsibility. The defendants cannot be entitled to that relief which the statute gives to the party in the suit in which the security is taken.

*E. Williams,* contra. If the transaction, out of which the endorsement, or the plaintiff's right to sue, originated, was illegal, and contrary to the statute, the court will not lend its aid to enforce the payment. The statute requires the sheriff to take a bond, in a particular form, and prohibits him from taking any other; and if he does take an obligation in any other form, it is utterly void. If utterly void, how is it possible that it can be enforced?

Again, the plaintiff took the endorsement as a deputy sheriff. The assignment to him was conditional, or by way of security; and though the condition is not expressed in the endorsement, it can make no difference; for it was all one entire transaction, and the note being taken by the plaintiff, in violation of the statute, no right of action was assigned, or transferred, by the endorsement to him.

*Per Curiam.* The plaintiff, as deputy sheriff, took the note in question, instead of taking bail of *Pitcher* and *Spoor.* He took it by way of indemnity, and under the penalty of a forfeiture of the note, if he was not indemnified; and the note was to be applied towards the settlement of the demands, for which *P.* and *S.* were sued. All this agreement was absolutely void, by the statute, (*Laws,* vol. 1. p. 210.) which declares, that " no sheriff or other officer shall take any obligation, for any cause aforesaid, or by colour of their office, but only to themselves, and by the name of their office, and upon condition written, that the prisoner named therein shall appear at the day and place required in the process;

and if any sheriff, or other officer, take any obligation in other form, by colour of their office, it shall be void." Though the statute speaks only of an obligation; yet it has been long settled, under the statute of 23 *Hen.* VI. of which our act is a copy, that a promise to save harmless is equally within the statute. (10 *Co.* 101. b.) The plaintiff in this case, as it appeared upon the trial, had no right of property in the note. He was not the legal holder, because the assignment to him was a nullity; and he had no more right to sue the defendants than if the name of the payee had been forged. To give effect to such contracts would lead to the greatest abuse and oppression, and would be suffering the provision of a very beneficial statute to be eluded.

Motion to set aside the nonsuit ought to be denied.

Motion denied.(<em>a</em>)

(*a*) See *Love* v. *Palmer and others*, (7 *Johns. Rep.* 159.) *Reed* v. *Pruyer and Staats*, (7 *Johns. Rep.* 426.)