### IRWIN *against* CARYELL.

IN error, on *certiorari*, from a justice's court.

*Caryell* sued *Irwin* for work and labour performed for him. The defendant pleaded *non assumpsit* and a set off. The trial was postponed, at the instance of *Irwin*, and security given. At the trial, the defendant called the security as a *witness*, and prayed that he might be discharged as security, and another person, then offered, be taken in his stead; but the motion was denied, and the witness rejected. The jury found a verdict for the plaintiff, on which the justice gave judgment.

*Per Curiam.* The justice ought to have released the bail, by taking the other security offered. It would be unreasonable and unjust to deprive the party of the benefit of a material witness, when his interest can be thus discharged, without injury to the other party. Sound and legal discretion required that it should be done. It is the practice for the court to discharge the bail upon application, when he is wanted as a witness for the defendant. (*Sty.* 385.)

Judgment reversed.

*Where a person who is security for the defendant, in an action before a justice, is a material witness for the defendant, he ought to be discharged, and new security taken, so that the defendant may have the benefit of his testimony.*