Tompkins *against* Curtis.

Error from the Common Pleas of *Onondaga* county. *Curtis* sued *Tompkins* before a Justice of that county and recov ered judgment. *Tompkins* thereupon appealed to the Common Pleas, and *Nathaniel Tompkins*, one of the witnesses before the Justice, became security for the appellant, and sign ed the bond to prosecute the appeal, &c. On the trial in the Common Pleas, the appellant wishing to have *Nathaniel Tompkins* sworn for him, moved the Court to have him discharged from his bond, which had been duly returned by the Justice and filed with the Clerk, that other security might be substituted; and that *N. T.* might then be sworn as a witness; but the Court overruled the motion, and gave judgment for the appellee; and this point, among several others, came here upon a bill of exceptions.

*The court of common pleas, on motion, at the trial, are bound to discharge a surety for the prosecution of an appeal, and substitute other competent security; so that the first may be a witness for the appellant.*

*G. Lawrence*, for the plaintiff in error, cited *Irwin* v. *Caryell*, (3 *John*. 407.)

*J. R. Lawrence*, contra.

*Curia*, per Sutherland, J. The Court erred in refusing to permit another surety to be substituted. There cannot be a doubt that the person so substituted would be liable upon the bond, so that no possible injury could result from the change. The power of the Court to grant the application is clear. They were fully possessed of the cause. The bond, with the other papers and proceedings, had been returned and filed with the Clerk. The surety was in the nature of bail, whom it is the established practice of the Courts to discharge upon other bail being substituted, when the first is a material witness for his principal. The case cited of *Irwin* v. *Caryell* is in point. The judgment must be reversed and a venire *de novo*, go from the Common Pleas.

Judgment reversed.