the argument, 2 *R. S.* 618, § 34. That section, I am inclined to think, is not applicable to a case like this, but was simply intended to authorize any court to which a writ of error may be returnable, to give costs against the plaintiff in error, upon a summary application by motion that he lose the benefit of his writ of error or appeal, for not proceeding according to the rules of the court and the statute in causing the writ and transcript to be returned. That provision of the statute undoubtedly was occasioned by the case of *Newman* v. *Van Antwerp,* 4 *Cowen,* 711, and was intended to remedy the difficulty disclosed in that case, which related merely to the costs of a motion in the court for the correction of errors that the writ of error and transcript be not received, made in pursuance of a rule of the court. It was not necessary to make provision for a case like this, as the existing rules of practice reached it, authorizing judgment of *non-pross* in the court below.

ALBANY,<br>Oct. 1833.<br><br>Ames<br>v.<br>Webbers.

Motion denied.

---

## Ames & Ames *vs.* Webbers.

In an action of *tort,* where a defendant asks to put off the trial of a cause for the want of a witness, on its being made to appear, to the satisfaction of the judge, that there is reason to apprehend that the defendant may die previous to the next circuit, the judge is warranted to impose as a condition to the putting off the trial, that the defendant shall stipulate that his death shall not abate the suit.

THIS was a motion to be relieved from a stipulation entered into by the defendant's counsel, in compliance with a condition imposed by a circuit judge, on the application of the defendant to put off the trial of the cause. The action was in *tort* for an escape, the cause was noticed for trial, and application was made at the circuit, in behalf of the defendant, to put off the trial on account of the absence of a material witness. It was made to appear, to the satisfaction of the judge, that the defendant was laboring under a mortal malady, and that there was just cause to apprehend that he might die previous to the next circuit; and if so, the action would abate. The judge thereupon required the defendant's counsel to stipulate,

October 3.

as a condition to putting off the trial of the cause, that the action should not abate, if the defendant should happen to die previous to the next circuit ; which stipulation was accordingly entered into. The defendant has since died.

*J. Edwards*, for the motion.

*D. Graham, jun.* contra, cited the following cases to shew that the discretion exercised by the circuit judge in imposing the condition was conformable to the practice of the courts, to wit : 7 *Cowen*, 744 ; 3 *Bingh*. 70 ; 1 *Chitty's R*. 74, 730 ; 4 *Dowl. & Ry*. 830 ; 8 *Bingh*. 26 ; 1 *Moore & Scott*, 62 ; 2 *Price*, 16 ; 3 *Johns. R*. 257 ; 4 *Cowen*, 49 ; 7 *id*. 475 ; 2 *Chitty's R*. 425 ; 7 *Bingh*. 437 ; 2 *Brown*, 125 ; 1 *Crompt. & Jerv*. 47 ; 2 *Barn. & Adol*. 394, 966 ; 8 *Taunt*. 712 ; 7 *id*. 571 ; 2 *Archb. Pr*. 322, 336 ; 4 *Bingh*. 435 ; 2. *Y. & J*. 11 ; 1 *Moore & Payne*, 147 ; 3 *Barn. & Cres*. 144 ; 4 *Bingh*. 143.

*By the Court,* NELSON, J. The stipulation was correctly imposed, and the motion is denied.

---

LYON *vs.* HOFFMAN.

Where no special term intervenes between a circuit and the next general term, a defendant is in season to apply for judgment as in case of nonsuit, at any time previous to the second general term.

October 3.

THE defendant moved for *judgment as in case of nonsuit*, for the omission of the plaintiff to try his cause at a circuit holden in the last week of *June*. The defendant offered no excuse for delaying the application until this time. The plaintiff insisted, that having waited until after a general term, the defendant was bound to excuse his default ; and that, at all events, he should have made his motion at one of the two last special terms.