By the Chancellor.
The questions which arise in this case are, first, whether the declaration is good in substance ? and if it is, then secondly whether either of the pleas forms a complete defence to the whole action, upon the agreement to return the property to the sheriff so that the interest of Janes therein might be sold on the execution against him ?
The first point, as to the goodness of the declaration necessarily involves the question whether a sheriff who levies upon property which he claims to belong to the defendant in the execution, is legally authorized to leave it in the possession of a third person until the samé can be advertised and sold, *607 upon taking an agreement of such person to produce the property at a future day, so that the sheriff may sell the same, or in default thereof to pay the amount of the execution, with the sheriff’s fees thereon. If [ *608 ] such an agreement necessarily implied any breach of duty on *the part of the sheriff which would deprive him of the power of executing the process of the court, or which must necessarily produce an injury to the plaintiff or the defendant in the execution, the agreement would be contrary to law, and would therefore be absolutely void under the provisions of the article of the revised statutes, relative to the powers and duties of certain judicial officers, 2 R. S. 286, § 59, although the agreement contained other stipulations which in themselves would be legal. By the common law an agreement or security might be good in part and void in part. But the effect of the 59th section of the article of the revised statutes before referred to, is to render the contract or security entirely and absolutely void, if taken by a public officer by color of his office and contrary to law in any respect. The counsel for the plaintiff in error is clearly wrong, however, in-supposing that no public officer can take a security unless it is a security authorized by statute law. A vast number of securities are taken by the various public officers referred to in this article of the revised statutes wffiich the common law considers as valid, but which are not sanctioned in any statutory enactment. The words color of office necessarily imply an illegal claim of right or authority to take the security, or to do the act in question, by virtue of his office, which claim is a mere color or pretence on the part of the officer. Or, as Tomlyn expresses it, “ color of office is when an act is evilly done, by the countenance of an officer ; and is always taken, in the worst sense, being grounded upon corruption, to which the office is as a mere shadow or color.” Taking a security by a public officer virtuti officii implies that the act is lawful either by the common law or by the authority of some statute. But taking it by color of his office necessarily implies that the act is unlawful and unauthorized, and that the legal right to take it is a mere color or pretence. Is it then unlawful either by the common law or by any statute of this state for a sheriff when he levies upon property by virtue of an execution, to leave it in possession of the defendant, or of a third person, until the time of sale, upon taking security [ *609 ] that the property shall be forthcoming at the sale, *or upon the request of the sheriff, and in default thereof that the person in whose hands it is thus left shall pay the amount of the execution. As the sheriff has no right to dispose of the property to a third person, except by public auction and in the form prescribed by law, any agreement with such person that the property shall be absolutely his upon paying the amount of the execution would be illegal and contrary to the rights of the defendant in the execution; and an agreement which would place the property absolutely beyond the reach of the sheriff, before.a sale thereof at public auction, would *609 be equally illegal and contrary to the duty of the sheriff in reference to the plaintiff's rights. But there is nothing in the agreement declared on in this case which did, even by implication, deprive the sheriff of the power to take the property and sell it to satisfy the execution; or for the purpose of returning it to the defendant in the execution if the latter should think proper to pay the debt without a sale. In this respect the agreement, though under seal, is the same in its legal effect upon the right of the sheriff to reclaim, the property, as a mere receipt in similar terms without a seal. The recital in the agreement that the property had been levied on by the sheriff by virtue of the execution against Janes, in the absence of any allegation to the contrary, was sufficient to raise the legal presumption that Janes had some interest in such property which was the proper subject of a levy and sale on the execution. I have no doubt, therefore, that the declaration in this case was good in substance ; and that the sheriff was entitled to recover thereon the amount of the debt for which he had been made liable to the plaintiff in the execution, unless the pleas, or one of them, sets up a valid defence.
The first plea does not appear to be subject to the technical objection supposed to exist by Mr. Justice Cowen ; as upon general demurrer the allegation that the property levied on was not the property of Janes, must be presumed to refer to the time of levy, as stated in the declaration. But this plea is defective in substance, in not averring that Janes had no interest zvhatever in that property which could properly be reached and levied on by the execution, although *he might not be the absolute [ *610 ] owner of the property. The revised statutes have authorized a special interest in personal property to be sold on execution ; and by the common law the interest of a defendant, who is a copartner merely, may also be levied upon and sold, although he is not the general owner of the partnership goods. Every allegation in this first plea, therefore, may be literally true, and yet Janes may have had an interest in this property which it was the duty of tbe sheriff to levy on, and which, if sold on the execution, might have been sufficient to have paid the whole debt and costs ; and in the absence of any allegation to the contrary, the court is bound to presume that a public officer has not violated his duty by levying upon property which he had no right to take. This plea is also defective, in form at least, in not showing who did own the property levied upon, if the defendant in the execution did not.
The second plea is equally defective in substance, as every part thereof may he literally true, and yet the defendant in the execution may have had an interest in the property, which was liable to be levied upon and sold on tbe execution, more than sufficient to pay the whole debt. Indeed this whole plea shows that Janes actually had an interest in tbe property which it was the duty of the sheriff to levy upon and sell.
The question whether a sheriff upon an execution against one copartner can take the exclusive possession of the partnership property until the sale, so as *610 to entirely divest the other copartners of the possession thereof, does not arise in this case; as it nowhere appears, either from the declaration or the plea, that the sheriff attempted to do any thing more than to levy upon the property, and to take a joint possession thereof with Burrall; which he was clearly authorized to do. Upon such a levy it necessarily became a proper subject of agreement, between the sheriff and the copartner of Janes, which of them should retain the property until the day of sale, as the sheriff could not sell unless the property was present. The copartner of Janes having obtained permission to retain the exclusive possession of the property [ *611 ] for the present, under an agreement to produce *it so that it could be sold on the execution, or to pay the debt and costs, the fact thatitwas partnership property and that he has disposed of it in violation of his agreement with the sheriff, is no answer whatever to the declaration. The plea does not even allege that it was actually applied to pay partnership debts contracted before the property was levied on by the sheriff. For aught that appears it may have been used in the purchase of property, or in other .transactions, on account of the partnership. The plaintiff in error having violated his agreement with the sheriff, and thus deprived him of the power of selling Janes’ interest in the property levied on, necessarily subjected the sheriff to the payment of the debt, as he could not return the execution nulla bona without 'violating his oath of office. There is therefore no principle of law which can authorize the plaintiff in error to set up such a defence as this, to the action on his agreement; the violation of which agreement has placed the sheriff in that situation.
For these reasons I am perfectly satisfied that the decision of the supreme court upon this demurrer was right, and that the judgment should be affirmed-
The members of the court unanimously concurring in this conclusion, the judgment of the supreme court was accordingly affirmed.