[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 441 
The appellant makes the following points, viz.: First. The bond is void, because taken by the sheriff colore officii, and not in a case provided by law; Second. It is void, independent of the statute against taking instruments colore officii, because it was nudum pactum in the sheriff's hands; Third. The bond having been executed by Judson after the sheriff was discharged from liability by the omission of Decker to except to the sureties, it is not embraced in the provisions of the statute, and the plaintiff cannot therefore support an action upon it; Fourth. The Circuit Court had no power to require the plaintiffs to renew their sureties, nor to require the existing sureties to justify, and the order made did not authorize the addition of a surety; Fifth. The appellant's engagement was that of co-surety with Evans and Bennett, and the Supreme Court having decided that the action could not be maintained against Evans and Bennett, the appellant is deprived of his right to call on them for contribution; Sixth. The plaintiff cannot recover because no assignment of the bond was made after the judgment of 1851. *Page 442 
The replevin bond was not taken by the sheriff by color of his office in a case not provided by law. (2 R.S., 286, § 59, 1sted.) Color of office is defined as characterizing an act wrongfully done by an officer under the pretended authority of his office, and "grounded upon corruption, to which the office is as a mere shadow of color." (1 Bouv. L. Dic., 244; Wharton'sL. Lex., 177; Tomlin's L. Dic.) Color of office, when applied to the taking by a sheriff or other officer of a written security, ex vi termini, implies that the security is "unlawful and unauthorized, and that the legal right to take it is a mere color or pretence." (23 Wend., 608, per Chancellor WALWORTH.) It does not follow that a security taken by a public officer is unlawful because it is not expressly authorized by statute. Many securities taken by public officers have been upheld, if valid at common law, although not sanctioned by any statutory enactment. An agreement of a third person, on receiving property levied upon by a sheriff, to deliver it to him on request or pay the amount due on the execution, is a security of this character. (21Wend., 605; 23 id., 607, 608.) In error, where the security taken by the officer is not unlawful either under any statute of the state or at common law, it cannot be regarded as takencolore officii in a case not provided by law, and therefore it cannot be void under the fifty-ninth section of the article of the Revised Statutes relative to the powers and duties of certain judicial officers. (2 R.S., 286.) Where the agreement does not provide for an indemnity to the officer for a breach of duty, and does not necessarily produce an injury to either the plaintiff or the defendant, and is not condemned by either the common or statute law, it cannot be held void as taken colore officii. (23 Wend., 607, 608, per Chancellor WALWORTH.) Sheriffs and other officers who take bonds and securities from persons under legal restraint, are held to a strict compliance with the statute under which they are taken, in order to prevent oppression and abuse of power on the part of the officer. But a replevin *Page 443 
bond, being given by a plaintiff who is under no restraint, does not come within the principle applicable to securities taken by public officers from parties while under arrest. (3 Comst.,
192; 1 id., 367, 368.)
The title of the Revised Statutes in relation to the action of replevin required the plaintiff to give a bond to the sheriff with at least two sureties; but the bond was not held to be void for not having two sureties. The defendant could have applied to set aside the plaintiff's proceedings for this defect, as he could have excepted to the sufficiency of the bond, but the plaintiff would have been allowed to amend. The provision of the statute requiring two sureties was decided to be a provision for the benefit of the defendant in the action of replevin, and he was held at liberty to claim a strict compliance with the statute in this respect, and indeed as to all matters which were unimportant to the plaintiff; and Judge RUGGLES, in laying down the rule on this subject in Shaw v. Tobias (3 Comst., 192), says, that "after the plaintiff has obtained possession of the property in dispute by acting on the bond as a lawful and valid security, neither he nor his surety ought to be permitted to get rid of it by alleging that it is not so strong or so perfect as the defendant might have required him to make it." The statute declaring void securities taken by public officers coloreofficii has no application to a security taken by a party at whose suit an arrest is made. The latter may take any security he pleases on discharging his debtor from arrest, but the officer is confined to the security prescribed by the statute. (1 Comst.,
368; 6 Cow., 465; Richmond v. Roberts, 7 John., 319; 19Wend., 188; Strong v. Tompkins, 8 John., 98; 5 Wend.,
61.)
In this case, when, on the application of Nash and Gardner, the order of the Circuit Court was made, putting off the trial upon condition they renewed the sureties in the replevin bond, or caused the then existing sureties to justify, the sheriff, by the omission of Decker to except to the sureties within the time required by law, was discharged from *Page 444 
all liability for the sufficiency of the sureties, and the bond of the plaintiffs was, by virtue of an express provision of the Revised Statutes, then held by the sheriff for the exclusive security of the defendant. (2 R.S., 527, §§ 28, 32.) The order did not require the sheriff to renew the securities, but it imposed upon the plaintiffs personally the renewal of their sureties as a condition of the postponement of the trial. The act of the renewal of the sureties, by causing the bond to be executed by Judson, was not the act of the sheriff, but of Nash and Gardner. It was an act done in pursuance of the order of the court, to which the plaintiffs and defendant in the replevin suit alone were parties; and the defendant, by his acquiescence in that order, must be presumed to have accepted Judson as a surety in place of the previous sureties, or as co-surety with them. The sheriff had at that time no interest in the original bond or in the renewal of the sureties. He had previous to the order become discharged from all liability for the sufficiency of the sureties, and then held the bond merely as a trustee for the defendant. He did not take or exact the new bond, either in his individual character or as sheriff virtute officii. It was executed by Judson, for the benefit of Decker, in pursuance of an arrangement between the parties, presumed to have been entered into from their acquiescence in the order. These being the facts, the provisions of the title in relation to the action of replevin, and the section declaring void securities taken by public officers colore officii. have no application to the execution of the bond by Judson or to the bond after such execution. The fact that the obligee named in the bond is a person other than the present plaintiff is no objection to its validity; nor does the description of him as sheriff subject the bond to condemnation, under the section of the Revised Statutes against securities taken colore officii. It was admissible at common law, independent of the statute, to make the bond payable to the sheriff, as the agent or trustee of the plaintiff, for the sole benefit of the latter *Page 445 Harp v. Osgood (2 Hill, 219) is an express authority for this proposition. The right to take a bond or other security in the name of an agent or trustee, for the benefit of the principal and cestui que trust, is unquestionable. (Story on Agency, § 401, c.) The Code sanctions this principle. (§ 113.) The Revised Statutes (2 R.S., 523, § 7, subd. 2; id., 527, § 32) furnished full authority that the bond, when executed by Judson, should remain as originally drawn, payable to the sheriff as obligee. The title in relation to the action of replevin directed that the original bond should be executed to the sheriff by his name of office; and declared that, in case the sheriff should be discharged from liability by the omission of the defendant to except to the sureties, the bond should be held by the sheriff for the security of the latter. The requirement of the order to renew the sureties in the bond did not make it necessary or proper to change the name of the obligee. The provision that the bond should be held by the sheriff after he was discharged from liability, for the security of the defendant, was a recognition of the right of the parties to the suit to continue the name of the sheriff in the bond as obligee, on the renewal of the sureties. Regarding the bond, when executed by Judson, as being signed by him at the request of the plaintiffs in the replevin suit, in pursuance of the order, and as having been accepted by Decker as a compliance therewith, it is a valid instrument, independent of the statute, supported by a sufficient consideration. The legal liability of Nash and Gardner to restore the property taken, and the consent of Decker that the trial be postponed in consideration of the execution of the bond by Judson, are severally good considerations for the undertaking of Judson.
The Circuit Court had authority to impose, as a condition of the postponement of the trial, the giving, by the plaintiffs in the replevin suit, of new or additional sureties. It is the established practice of the court, in the exercise of its equitable jurisdiction, to require in its discretion a party to *Page 446 
give to his adversary security for the protection of his rights, as a condition of a favor granted to him, to which he is not entitled as a matter of right; and whenever such party accepts the favor upon the condition imposed, neither he nor his sureties will be permitted to object to the validity of such security.
In Ames v. Webber (10 Wend., 575, 624), the court imposed as a condition of putting off a trial, that the defendant should stipulate that his death should not abate the suit. In Chandler
v. Brecknell (4 Cow., 49), a capias ad respondendum, served out of term, was, on motion of defendant, set aside, on defendant's stipulating not to bring an action of false imprisonment. (3 John., 256; Brown v. Murray, 4 Dowl. Ryl., 830; and cases cited in Ames v. Webber, 10 Wend.,
575.) In addition to these, there are to be found in the reports a great variety of cases in which the court has exercised the power of imposing conditions upon a party on granting his application for a favor which would prejudice has adversary. The court invariably, on application, order the discharge of a surety to an appeal or bail bond, and the substitution of another surety in order to make the former a competent witness. (3 Cow., 251;Irwin v. Caryell, 8 John., 407.)
The execution of the bond by Judson, and the acquiescence by him and by Nash and Gardner in the order, and the adoption of its terms by the latter, in accepting the adjournment and performing the condition imposed, was a waiver on the part of Judson, as well as of Nash and Gardner, of all objections to the validity of the order. Nash and Gardner, by their acceptance of the favor granted upon the terms imposed, and thus deriving a benefit from the order, must be deemed to have adopted and ratified it. This ratification estops them and their surety from denying the authority of the court to impose the conditions contained in the order. A ratification in part of an unauthorized transaction *Page 447 
is an affirmance of the whole. (1 Comst., 365, 444, 445; 6Cow., 465; 2 Bos. Pull., 151; 4 Camp., 46.)
If the bond, after its execution by Judson, was defective, inasmuch as the plaintiffs in the replevin suit caused its execution by Judson in compliance with the condition imposed by the order, and derived a benefit thereby, and as the defendant in that suit, for whose benefit Judson executed the bond, waived all objections to and accepted it, neither Nash and Gardner, the plaintiffs in that suit, nor Judson can now question its validity, nor deprive Decker of the advantages intended to be secured to him by it. (3 Comst., 191.) Judson is bound by the bond although his name is not mentioned in the body of it. (7Cow., 454.) His intent to be bound by its terms is plain from the act of signing it, and he is bound, although he signed the bond without the knowledge or assent of Evans and Bennett. He executed the bond without requiring their assent; and Decker having accepted it as a compliance with the order, he is estopped from denying, as against Decker, that Evans and Bennett are liable as co-sureties with him. If, therefore, the addition of Judson's name to the bond, without their knowledge or assent, was such an alteration as discharged them from liability, it is no defence to this action. The second record was undoubtedly a valid record of the judgment. It was not necessary that the bond should be assigned after the filing of the record. It is sufficient if it was assigned after the judgment was rendered. (2 R.S., 527, § 32, 1st ed.) It appears by the evidence that judgment was rendered on the 20th of March, 1849. This was prior to the assignment of the bond, which occurred on the 18th of July, 1849.
The judgment of the Supreme Court must be affirmed.