UNITED STATES v. WILLIAMS.

(District Court, N. D. California. September 22, 1896.)

1. CHINESE INSPECTORS—RECEIVING ILLEGAL FEES.

A person appointed an inspector under the customs laws, but designated and acting as inspector of Chinese immigrants, comes within the provision of section 23 of the act of February 8, 1875 (18 Stat. 307), which declares that all existing laws for the punishment of acts committed by any internal revenue or treasury officers shall apply to "all persons whomsoever, employed, appointed, or acting under authority of any internal revenue or customs laws, when such persons are designated or acting as officers or deputies"; and such an inspector is therefore indictable under Rev. St. § 3169, for extortion, or for receiving illegal fees.

2. INDICTMENT—WORDS OF STATUTE.

Under a statute providing for the punishment of an officer who "knowingly" demands greater sums than are authorized by law, etc. (Rev. St. § 3169), an indictment charging that defendant "willfully and corruptly" demanded, etc., is in the direction of uncertainty, rather than precision.

3. SAME—BRIBERY AND EXTORTION—REVENUE OFFICERS.

Under Rev. St. § 3169, cl. 2, providing for the punishment of any revenue officer who demands or receives any fee, except as prescribed by law, "for the performance of any duty," an indictment which charged the receiving of such fee for services rendered "under color of his office" is insufficient.

These were two indictments against Richard S. Williams for demanding and receiving, as a Chinese inspector, compensation not authorized by law. The case was heard on motion in arrest of judgment.

Barclay Henley, Special Atty., and Bert Schlessinger, Asst. U. S. Dist. Atty., for the United States.

Geo. S. Collins, for defendant.

MORROW, District Judge. The two indictments upon which the defendant has been found guilty contain each two counts. In all four of these counts it is charged that the defendant was an officer of the department of the treasury of the United States, duly appointed and acting under the authority of the laws of the United States, and designated as Chinese inspector at the port of San Francisco, and, by virtue of his office, authorized, directed, and required to aid and assist the collector of customs at said port in the enforcement and carrying out of the various laws and regulations of the United States relating to the coming of Chinese persons, and persons of Chinese descent, from foreign ports to the United States at said port of San Francisco.

The indictments are founded upon section 3169 of the Revised Statutes and section 23 of the act of February 8, 1875.

Section 3169 of the Revised Statutes provides that:

"Every officer or agent appointed and acting under the authority of any revenue law of the United States—First. Who is guilty of any extortion or willful oppression under color of law; or Second. Who knowingly demands other or greater sums than are authorized by law, or receives any fee, compensation, or reward, except as by law prescribed, for the performance of any duty; * * * shall be held guilty," etc.

Section 23 of the act of February 8, 1875 (18 Stat. 307), provides as follows:

"That all acts and parts of acts imposing fines, penalties, or other punishment for offenses committed by an internal revenue officer or other officer of the department of the treasury of the United States, or under any bureau thereof, shall be, and are hereby, applied to all persons whomsoever, employed, appointed, or acting under the authority of any internal revenue or customs law, or any revenue provision of any law of the United States, when such persons are designated or acting as officers or deputies, or persons having the custody or disposition of any public money."

It is contended, in arrest of judgment, that neither of the indictments states a case within either of the foregoing provisions of law —First, because it appears that the defendant was designated and employed under the laws of the United States relating to the exclusion of Chinese laborers, and was not an officer or agent appointed and acting under the authority of any revenue law of the United States; and, second, he was not employed, appointed, or acting under the authority of any customs law of the United States.

The office of Chinese inspector is not known to the law by that title, nor is the defendant so charged in the indictments. He is charged as being an officer of the department of the treasury of the United States, appointed and acting under the authority of the laws of the United States, and designated as Chinese inspector. The authority for his appointment at the port of San Francisco is found in section 2606 of the Revised Statutes, providing for the appointment, at certain ports of the United States, of such number of weighers, gaugers, measurers, and inspectors as may be necessary. This section is in that title of the Revised Statutes of the United States relating to the "collection of duties upon imports." An inspector of customs is a public officer. Hooper v. Casks of Brandy, 2 Ware, 371, Fed. Cas. No. 6,674.

The act of May 6, 1882, entitled "An act to execute certain treaty stipulations relating to Chinese," provided, in section 8, that the master of any vessel arriving in the United States from any foreign port or place, before landing, or permitting to land, any Chinese passengers, shall deliver and report to the collector of customs of the district in which the vessel has arrived a list of all Chinese passengers taken on board his vessel at any foreign port or place, and all such passengers on board the vessel at that time, together with certain particulars as to name, etc. The list was to be sworn to by the master in the manner required by law in relation to the manifest of the cargo, and any willful refusal or neglect to comply with this requirement incurred the same penalties and forfei-

tures provided for a refusal or neglect to report and deliver a manifest of the cargo. Section 9 made it the duty of the collector, or his deputy, to examine such Chinese before landing, comparing the certificates issued under the act with the list and with the passengers, and no passenger should be allowed to land in the United States from such vessel in violation of law. Section 10 provided that every vessel whose master should knowingly violate any of the provisions of the act should be deemed forfeited to the United States, and should be liable to seizure and condemnation in any district of the United States into which the vessel might enter, or in which she might be found. The enforcement of the provisions of this act relating to the coming of Chinese persons to the United States was thus placed in charge of the collectors of customs and the officers of that department. Congress has often passed acts forbidding the immigration of particular classes of foreigners, and has committed the execution of these acts to the secretary of the treasury, to collectors of customs, and to inspectors, acting under their authority. Nishimura Ekiu v. U. S., 142 U. S. 651, 659, 12 Sup. Ct. 336. In the several acts making appropriations for the sundry civil expenses of the government for the year 1891 and subsequent years there has been an appropriation for the enforcement of the Chinese exclusion act, under the treasury department, in the following terms:

"To prevent unlawful entry of Chinese into the United States, by the appointment of suitable officers to enforce the laws in relation thereto, and for the purpose of returning to China all Chinese persons found to be unlawfully within the United States."

The defendant, although appointed an inspector under the customs laws, was designated and acting as an officer under the laws relating to Chinese immigration. He was a revenue officer, required to perform duties not strictly of a revenue character, but duties of an official character, imposed upon him by law. This, I think, is sufficient to bring the defendant within the provisions of section 23 of the act of February 8, 1875, where a person appointed under the authority of a customs law, and designated or acting as an officer, is made subject to the fines, penalties, or other punishments imposed for offenses committed by any officer of the treasury department. It, in effect, reaches all persons appointed, employed, or acting under the authority of any revenue or customs law, when acting officially in the performance of duties imposed upon them by law, whether such duties are strictly of a revenue character, or pertain to some other branch of the public service, but which congress, for convenience, or the economy of administration, has seen fit to impose upon such officers.

The motion is further directed, specifically, to the second counts in both indictments, on the ground that they do not charge an offense under the statute, for the reason that they do not allege that the money was extorted under color of law, and because it does not appear that the compensation and reward alleged to have been received by the defendant was for the performance of any duty.

The second subdivision of section 3169 of the Revised Statutes

is directed against the officer or agent "who knowingly demands other or greater sums than are authorized by law, or receives any fee, compensation, or reward, except as by law prescribed, for the performance of any duty." The indictment charges that the defendant "did, * * . * under color of his said office, willfully and corruptly demand, take, and receive of one Chan Ying, who was then and there interested in the claim of one Chin Shee Hong to be permitted to land at the port of San Francisco, * * * a sum of money, to wit, eighty-five dollars, as and for a fee, compensation, and reward to him, the said Richard S. Williams, for the services of him, the said Richard S. Williams, under color of his said office, in the matter of the application of said Chin Shee Hong, who then and there claimed to the collector of customs at said port to be entitled to land at said port of San Francisco from a foreign port, * * * whereas, in truth and in fact, no fee, compensation, or reward was then, or at any other time, due or owing from the said Chan Ying, or any other person, to the said Richard S. Williams for such services, or any services, of him, the said Richard S. Williams, in connection with said matter, or at all, nor was he, the said Richard S. Williams, entitled to the same by law."

With respect to the form of an indictment charging a statutory offense, "it is not always necessary that the precise words of the statute should be employed in the allegations, but their equivalents will often answer." Still, the doctrine seems to be that enough of the exact words must be used to identify the statute on which the indictment is drawn; and, when enough of such exact words are not used, though equivalent ones are, it will be insufficient. Bish. St. Crimes, § 380. There is another rule which requires, in many cases, and in various particulars, that the allegations of the indictment should be broader than the words of the statute on which it is drawn, that the crime may be charged with precision and certainty, and every ingredient of which it is composed accurately and clearly alleged. Evans v. U. S., 153 U. S. 584, 14 Sup. Ct. 934, 939. The two counts to which these objections are directed do not follow the precise words of the statute, and for the very good reason that, under the rule just stated, such words would not be sufficient; but, in departing from the exact words of the statute, and alleging particulars deemed necessary to describe the offense under its provisions, have equivalent words been used, and has the real intent and purpose of the statute been followed? For the word "knowingly," contained in the statute, the indictment substitutes the words "willfully and corruptly." Possibly these latter words may be deemed the equivalent of the word "knowingly," but this last word has a well-known technical meaning in criminal statutes, and, when so used, its omission from the indictment founded upon such a statute is in the direction of uncertainty and the want of precision. The charge, in both of the second counts of the indictments, is that the defendant acted under color of office in demanding, taking, and receiving a fee, compensation, and reward for his services. It is further charged that no fee, compensation, or reward was then, or at any other time, due or owing to the said Richard S. Williams.

The act here described is, therefore, properly charged as having been committed under color of office. An act done under color of office is a pretense of official right, made by one who has no such right. 1 Bouv. Law Dict. 293; Burrall v. Acker, 23 Wend. 608. But it is further charged that the services of the defendant were also under color of office, while the statute now under consideration is directed against officers and agents who demand or receive illegal compensation for "the performance of a duty." Clearly, the indictment, in departing from the words of the statute, has omitted its most material provision, and, instead of charging the offense with more precision and certainty, it has charged something else. Services rendered under color of office are not rendered in the performance of a duty, and the second counts of the two indictments are, therefore, defective in this particular, and judgment on these counts must be arrested. With respect to the first counts of the two indictments, the motion is denied, for the reasons first stated.