HOLYOKE MUTUAL FIRE INSURANCE COMPANY *v.* E. M. HORTON
ET AL.

February Term, 1927.

Present: WATSON, C. J., POWERS, SLACK, and FISH, JJ.

Opinion filed February 25, 1927.

*Right of Officer Making Arrest To Retain Possession of Stolen
Property for Evidentiary Purposes—Right Not Confined
to Articles Seized after Arrest—Reasonable Time for Deten-
tion as Question of Fact or Law—Unjustifiable Detention.*

1. Apart from statutory authority (G. L. 6871), officer making
   arrest upon criminal charge may take and retain possession
   of instruments of crime and such other articles as may rea-
   sonably be of use for evidentiary purposes without being
   answerable to owner thereof for so doing.

2. Though G. L. 6871 seems to imply that arrest of person charged
   with robbery or larceny shall precede, or be contemporaneous
   with, seizure of stolen property, instrumentalities used in com-
   mission of crime charged, and any articles that may reason-
   ably be of use as evidence against accused, though seized be-
   fore his arrest, may be retained by officer for reasonable time
   awaiting such arrest and subsequent proceedings.

3. What constitutes reasonable time that officers may detain stolen
   property pending proceedings against accused is ordinarily
   question of fact to be determined from attending circum-
   stances, but when facts are uncontroverted, and leave no
   room for opposing inferences, question is one of law.

4. Officers' detention of stolen automobile, for period of approxi-
   mately one year and seven months prior to suit being insti-
   tuted against them, *held*, under circumstances of case, to be
   unjustifiable.

ACTION OF TORT for conversion. Plea, justification as
officers. Trial by court on agreed statement of facts at the
March Term, 1926, Chittenden County, *Moulton*, J., presiding.
Judgment for defendants. The plaintiff excepted. The opinion
states the case. *Reversed, and judgment rendered for plaintiff.*

*Frank E. Barber* and *B. E. Atherton* for the plaintiff.

*William H. Edmunds* for the defendants.

SLACK, J.    This is an action of tort for the wrongful conversion of a Studebaker touring car.    The defendants had judgment below on an agreed statement of facts, and the case is here on plaintiff's exception to such judgment.

Among the facts agreed to are these:    During the time here material the defendants, Horton and Todd, were State's attorney and sheriff, respectively, of Chittenden County.    On, or about, June 22, 1923, one Keyes stole the car in question from one Rousseau, the owner, who then resided in Charlotte in said county.    Keyes was later located in Atlantic City, New Jersey, where he was under arrest on another charge.    He had this car with him.    Both defendants were notified of the latter facts.    On July 27, 1923, the Governor of this State, at the request of Horton, made requisition on the Governor of New Jersey for the surrender of Keyes.    On July 30, 1923, the Governor of New Jersey issued "an order" directing the "constables and sheriffs" of that state to deliver Keyes to Todd.    The day following, Todd went to New Jersey and there demanded that Keyes be delivered to him.    Keyes was then confined in the Atlantic county jail, in New Jersey, and the officials in charge of said jail refused to surrender him until that State had had an opportunity to punish him for crimes alleged to have been committed against it.    Thereupon, Todd left the warrant charging Keyes with the larceny of this car with the keeper of said jail, who assured Todd that he would be notified of whatever disposition was made of the prosecutions pending against Keyes in that state before he was released.    Todd received like assurances from the prosecuting officer in New Jersey.    About August 1, 1923, Todd, acting under the directions of Horton and the Attorney General of this State, seized and took possession of said car, and drove it to Burlington, this State, where it remained in the possession of defendants, until May 27, 1926.    Unbeknown to defendants, the New Jersey officials turned Keyes over to the federal authorities on November 8, 1923, and on November 22, 1923, he was fined by the latter authorities, paid the fine, and was discharged.    So far as appears, he has been at large ever since. The defendants never had "bodily custody or control" of Keyes

under the warrant issued against him by this State; and on April 1, 1926, due to the inability of defendants to obtain the return of Keyes to this State, Horton entered a *nolle prosequi* in the prosecution then pending against him for the larceny of this car, and directed Todd to tender the car to its lawful owner. Two weeks later, Todd believing plaintiff to be its owner, notified it that he held the same subject to its order and risk. On May 27, 1926, defendants delivered the car to, and it was received by, plaintiff in mitigation of damages sustained by it, and it was agreed that if a recovery was had in this suit plaintiff's damages should be assessed at five hundred dollars.

The agreed statement further shows that prior to the larceny of this car, the plaintiff issued a policy of insurance to Rousseau, the then owner, whereby it undertook to indemnify her against loss thereof by theft, which policy was in force at the time the car was stolen; that on July 10, 1923, plaintiff paid Rousseau $1,400 in full satisfaction of her claim against it under said policy, and Rousseau then and there transferred all her right, title, and interest in and to the car to plaintiff, who has ever since been the owner thereof; that in the early part of August, 1923, and while the car was in the possession of defendants, plaintiff made demand upon Horton for the return thereof to it; that it made a like demand upon Horton in October of the same year; that in the summer of 1924, it made a like demand upon both defendants; that all of said demands were refused; that this suit was commenced February 28, 1925.

The sole question for review is whether, in the circumstances, the defendants exceeded their legal rights in detaining this car as they did. They undertake to justify their conduct under the provisions of G. L. 6871, and also under the generally recognized right of police officers, etc., when executing criminal process, to take possession of, and hold for the purpose of evidence, the stolen property, and any articles used in the perpetration of the crime. G. L. 6871 reads as follows: "The officer who arrests a person charged as principal or accessory in robbery or larceny shall secure, if it be found, the property alleged to be stolen and shall be answerable for the same, and shall annex a schedule thereof to his return. Upon conviction of the offender, the property shall be restored to the owner."

[1] It is not apparent how this statute affords any justi-

fication not otherwise available to defendants.   It is well settled that, apart from statutory authority, an officer making an arrest upon a criminal charge may take and retain possession of the instruments of the crime and such other articles as may reasonably be of use for evidentiary purposes without being answerable to the owner thereof for so doing.   *Getchell* v. *Page,* 103 Me. 387, 69 Atl. 624, 18 L. R. A. (N. S.) 253, 125 A. S. R. 307; *Thatcher* v. *Weeks,* 79 Me. 547, 11 Atl. 599; *Commonwealth* v. *Dana,* 2 Met. (Mass.) 329.   The statute, therefore, does not aid defendants in this respect.

[2]   The language of the statute seems to imply that the arrest of the accused shall precede, or be contemporaneous with, the seizure of such property, and such appears to have been the situation in most, if not all, of the reported cases; but we have no doubt that stolen property, instrumentalities used in the commission of the crime charged, and any articles that may reasonably be of use as evidence against the accused, though seized before his arrest, may be retained by the officer a reasonable time awaiting such arrest and the subsequent proceedings.

[3]   While this car could undoubtedly have been used as evidence against Keyes, with all the agreed marks of identification available its detention for evidentiary purposes hardly seems to have been necessary.   But be that as it may, its detention for an unreasonable length of time cannot be justified. While defendants appear to have acted promptly at the outset, they later seem to have adopted a course of·"watchful waiting." Keyes was released by the federal authorities November 22, 1923, yet, so far as appears, no steps had thereafter been taken to apprehend him at the time this suit was commenced, February 28, 1925, at least none that proved availing.   That defendants at that time had no reasonable expectation of his apprehension is evidenced by the fact that the proceedings against him were abandoned shortly thereafter.   So the question is:   Did the defendants withhold this car from the plaintiff an unreasonable length of time?   What constitutes a reasonable time is ordinarily a question of fact to be determined from the attending circumstances; but when, as here, the facts are uncontroverted, and leave no room for opposing inferences, the question is one of law.

[4]   In the circumstances, it must be held that the deten-

tion of the car at the time this suit was brought was unjustified, and that defendants are guilty as alleged in the declaration.

*Judgment reversed, and judgment for plaintiff to recover the sum of five hundred dollars, and costs.*

MOULTON, J., having heard the case below did not sit.