STATE FOR THE USE OF MRS. W. J. ROSSER *et al. v.* J. J. FREEMAN *et al.*

(*Jackson,* April Term, 1933.)

Opinion filed June 17, 1933.

H. C. MURCHISON, for plaintiff in error.

Ross & Ross, for defendant in error.

Mr. Justice McKinney delivered the opinion of the Court.

This case was heard upon a stipulation of facts, from which it appears that on a day in December, 1930, the ferryman at Savannah notified J. R. Freeman, the sheriff of Hardin County, that an automobile had stood on or near the bank of the Tennessee River all the night before. Upon an examination of the automobile the sheriff found a tag attached to the ignition key on which was written: "Mrs. W. J. Rosser, Rome, Ga." The sheriff thereupon telephoned the chief of police at Rome, was advised that the car had been stolen from Mrs. Rosser, and was instructed to keep it in his possession until someone came for it. A day or two later the sheriff started in said automobile to Jackson on private business. Before reaching Jackson a collision occurred between the automobile and a truck, resulting in the destruction of the automobile and the death of the sheriff. The estate of the sheriff is insolvent, and by this proceeding it is sought to hold the sureties on the official bond of the sheriff liable for the value of said automobile. If the sheriff possessed said automobile in his official capacity, the sureties are liable. If he held it in his individual capacity, they are not liable.

We have no statute in this State requiring sheriffs to recover lost property, or to take possession of lost property that they may find. This duty is imposed by statute on peace officers in some states, but, in the absence of statute, we have found no case holding this to be a duty of such officer. It could hardly be said that if a

sheriff received an instruction to look for a lost automobile, or to take one into his possession when found, and he refused to do so, that the sureties on his official bond would become liable because of his dereliction of duty.

In 57 Corpus Juris, 1013-1014, it is said:

"As a general rule, the official bond of a sheriff or constable imposes liability only for what the officer unlawfully does or omits to do in the execution of his office or of some official duty imposed by law, and does not cover any act or omission done without authority of law or in his private or personal capacity as a man or citizen, or an act constituting a mere abuse or usurpation of power and done without process of any kind. It is ordinarily held that the sureties are liable for a wrongful act done by an officer under color of office, although not by virtue thereof; but there is authority for the view that their liability extends only to acts done by virtue of the office and not to acts done merely under color of office."

We are further of the opinion that the sheriff did not take possession of the automobile under "color of office." That term implies an evil or corrupt motive. 11 C. J., 1225; *Griffiths* v. *Hardenbergh*, 41 N. Y., 464; *Burrall* v. *Acker*, 23 Wend., 606, 35 Am. Dec., 582. His possession of this automobile was not under color of office but by request of the chief of police at Rome.

Counsel for the plaintiff invoke the common-law duty of officers in making an arrest upon a criminal charge to take and retain possession of stolen property which may reasonably be of use for evidentiary purposes. *McDonald* v. *Weeks*, 2 Court of Civil Appeals, 602; cases listed in note 18 L. R. A. (N. S.), beginning at bottom of page 253. In *Holyoke Mut. Fire Ins. Co.* v. *Horton*, 100 Vt., 228, 136 Atl., 385, it was held that this duty extends to the

seizure of such property before an arrest, and the retention thereof for a reasonable time awaiting such arrest and the subsequent proceedings. But the stipulation in this case does not contain such facts as would warrant the application of this rule. On the other hand, it is recited that after being instructed to hold the automobile until sent for "the said James R. Freeman kept the automobile in his possession awaiting some person to come from Rome, Ga., to procure the same." This statement tends to negative the idea that he was holding the automobile to be used as evidence.

It is finally insisted that the duties of sheriffs in this State are the same as at common law, except as changed by statute (*State* v. *Reichman,* 135 Tenn., 653; 57 C. J., 774), and that it was the duty of the sheriff at common law to seize stolen property. 1 Cooley's Blackstone (4 Ed.), pp. 256, 293.

Under the law of England the sheriff was the bailiff of the king and as such the custodian of his property. Stolen goods belonged to the king, and necessarily, as such custodian, it was his duty to seize and preserve them for the king. This rule has never prevailed in the United States. 2 Kent's Commentaries, p. 430. Where the rule does not obtain the reason supporting it ceases. Since in this country stolen property belongs to the owner and he has the right to seize it, there is no basis for imposing this duty upon the sheriff.

We conclude, therefore, that the bond sued on herein cannot be so construed as to fasten liability upon the sureties thereon.

The trial court sustained a demurrer to the declaration and dismissed the suit, and his judgment will be affirmed.