OPINION of the Court, by
Judge Boyle.
— This Was an action of debt on an injunction bond- Judgment was taken by default for want of an appearance, and writ of inquiry executed against the defendants in the action below and their appearance bail.
The three first errors assigned relate to supposed defects in the bail bond. The objections taken to it are too nice and unsubstantial to affect its validity, or to requite of the court a particular examination ; more especially, as similar objections to bail bonds have been repeatedly overruled at the present, as well as former terms of this court.
The fourth and fifth errors assigned question the legality of the condition of the bond declared on, and the sufficiency of the breaches assigned.
To render intelligible this part of the case, it is necessary to have reference to the condition of the bond. After reciting the injunction to stay proceedings upon two judgments at common law, then lately had by the plaintiffs in the action below against the defendant Samuel, and also other suits then depending and undetermined in said court between the said parties, the condition of the bond provides, that “ if the said Samuel shall satisfy and pay the judgment and costs aforesaid, and the judgment andcostswhichmightthereafterbeobtained on the aforesaid suits then depending, and all costs and charges and damages that should accrue on the trial of said injunction, in case it should be dissolved, then the said bond to be void, else to remain in full force.”
The statute in such cases requiring bond, with security, to he given for the judgment and costs at law, and for the costs in the suit in chancery only, the question is, whe- *480 (her, so far as the condition of the bond in the present case provides for the payment of the damages accruing on the dissolution of the injunction, it is not illegal and void.
The majority of the court (the second judge dissenting) are of opinion, that it is not. They conceive that the statute is not prohibitory of the authority of the chancellor to impose, in addition to those required by law, such ether terms or conditions as may be just and reasonable ; that the law having given to the defendant on the dissolution of an injunction ten per cent, on the amount of his judgment at law, we are precluded from saying it is unjust; and that being entitled to it by law, it cannot be unreasonable in the chancellor to require security to be given for its payment. The dissentient judge agrees that the statute requiring the injunction bond does not prohibit the chancellor from exercising any discretion which before its passage he possessed on this subject, but he conceives that whenever a proper case is made out, and the facts are verified to the satisfaction of the chancellor, that the process of injunction is a matter of right, and that no other conditions can be imposed Mpon the applicant than those required by law. He thinks that the ten per cent, upon the amount of the judgment at law is in the nature of a penalty, and that to require security to be given for its payment is penal, not equitable.
The objection to the sufficiency of the breaches assigned alleges that the assignment embraces other suits than those mentioned in the condition of the bond. The condition of the bond provides for the payment of judgments lately had by James Kelly, John Smith, &c. plaintiffs against said Samuel, defendant, and also for judgments to be had in suits between the same parties ; and the breach is in the non payment of the judgment then had, and a judgment afterwards obtained in a suit then depending, in which the said John Smith, for the use of said James Kelly, was plaintiff against said Samuel. Though, technically speaking, Smith and Kelly were not plaintiffs in the last mentioned suit, yet certainly, in common parlance, the}'' might with propriety be both said to be parties. The breach assigned is therefore, to a commisn intent, within the condition.
*481 The sixth and last error is, “ that the plaintifis have made no profert in their declaration of either the order granting, or that dissolving the injunction.”
It is unnecessary to decide whether the omission to make such a profert would have been, upon a demurrer to the declaration, deemed fatal: let it suffice to observe, at present, that after judgment it is cured by the statute oí jeofails, and furnishes but an unavailing objection.
Judgment affirmed.