## Johnson *vs* Vaughan.

### ERROR TO THE PIKE CIRCUIT.

*Practice. Injunction bonds. Pleadings.*

DEBT.

Case 55.

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

January 27.

Case stated.

THIS action of debt was brought upon an injunction bond executed by Thomas C. and Barnabas Johnson, in September, 1847. The condition recites that T. C. Johnson had obtained an injunction to stay all further proceedings in a suit pending in the Pike Circuit Court

JOHNSON
*vs*
VAUGHAN.

against him, by G. W. Vaughan, on a note for $110 25, and concludes as follows: "therefore if the above bound T. C. J. and B. J., they or either of them, shall well and truly pay the said sum of $110 25 cents, to the said G. W. V. aforesaid, with all legal costs and interest or damages, that has or may be decreed in the aforesaid judgment or injunction, in case the same should be dissolved, or they be made in any wise liable for the debt and cost and interest or damages, and abide by and perform the decree of said Court, then" &c. &c. The declaration avers that the said Injunction has been dissolved and judgment rendered on said note, but that the defendants nor either of them did not pay the said sum of $110 25 cents, with all legal cost and interest or damages that have been decreed on said judgment or injunction, or abide by and perform the decree of the Court.

It is error to give judgment against one who was not served with process—or to give judgment against one defendant sued, without disposing of the suit as to the other defendant.

—Nor can the court, without a jury, render judgment upon an injunction bound unless a jury be dispensed with by consent.

The principal obligor seems not to have been served with process, and we cannot determine upon the record that he ever appeared in the case. But upon a demurrer and pleadings by B. Johnson alone, the Court, without the intervention of a jury, rendered a judgment against the defendants for $110 25 cents, with interest from the 11th day of October, 1848.

If the judgment be understood to be against both defendants, it is erroneous, because as to T. C. Johnson there was neither appearance nor service of process. If it be against B. Johnson alone, it is erroneous for the same reason, and because the action was not disposed of as to the other defendant. It is, moreover, erroneous because a jury was necessary, unless dispensed with by the parties, and the record does not show any such dispensation. The defendant, it is true, may have no cause to complain of the amount of the judgment. But this, if it be so, does not appear as it should do, by the decision of the tribunal appointed by the law or by the parties, nor by any thing in the record. The judgment must, therefore, be reversed, as being on these grounds, irregular and erroneous. But as the questions arising on the demurrer and pleadings were properly made and

must still determine the fate of the cause in the Circuit Court, it is necessary now to consider and decide them.

The ground on which the demurrer and pleas were intended to rest, is that the condition of the bond is broader than the law or the order for injunction required or authorized, and particularly in providing for the payment of the note, that no judgment having been enjoined, the condition should have been for paying such damages as the obligee might sustain by the wrongful sueing out of the order of injunction, that whatever goes beyond this was inserted in the condition by the Clerk, through ignorance or mistake, and that the bond as written was executed by the defendant, B. Johnson, by mistake, under the confidence that nothing was in the instrument but that which the law required.

Without stopping to enquire how far these positions, if true in law and fact, would affect the obligation of the party under the express letter of his bond, executed as the basis of an injunction staying proceedings against him at law, and waiving any argument founded on the fact that the order for the injunction, is neither recited in the condition of the bond nor otherwise set forth in the record, we shall confine ourselves to the main question presented, and that is whether the bond and condition are in any material point, involved in this case, more comprehensive than is required by law in a bond to be taken in enjoining proceedings in a suit before judgment.

The 37th section of the act of 1796, (1 *Stat. Law*, 809,) enacts that "no injunction shall be granted to stay proceedings in any suit at law, unless," &c., "in which case the complainant shall enter into bond, with sufficient security, to be approved of, &c., *for paying all money and tobacco and costs due or to become due* to the plaintiff in the action at law; and also all such costs as shall be awarded against him or her in case the injunction shall be dissolved."

The statute clearly embraces injunctions to stay proceedings at law, as well before as after judgment, and requires, in each case, that the bond shall secure the debt in suit, including interest, and the costs to be re-

JOHNSON
vs
VAUGHAN.

An injunction bond given upon bill filed before judgment, securing the amount which may be recovered at law, and costs, in case the injunction shall be dissolved, is claiming within the statute of 1796—(*Stat. Law*, 809.)

—And the insertion of conditions in an injunction bond not required by law, but not against law, will not vitiate those that are required by law.

JOHNSON
vs
VAUGHAN.

covered at law, and such costs as may be awarded in chancery, if the injunction be dissolved. The condition of the bond in this case, though not very skillfully drawn, secures the debt, interest and costs, legal and equitable, in case the injunction should be dissolved, and is thus far strictly within the letter of the act. The other particulars mentioned, if more than required by law, are not against law, and therefore, cannot possibly have the effect of vitiating that part of the condition which is required by law, and without which there would certainly be no propriety in restraining a party upon the mere allegation of an opposing equity, from proceeding in the appropriate tribunal to have his demand ascertained and enforced. It is true the Court of equity cannot award damages upon the dissolution of an injunction before judgment. But this only shows that the insertion of damages in the condition, even if it had been "and damages," instead of "or damages," is wholly inoperative to impose any obligation, because there can be no damages, and the declaration lays no foundation for claiming them. The alternative provision for payment of damages, and for payment of debt, cost and interest or damages, in case the obligors should in any wise be made liable therefor, and the provision for abiding by the decree, though apparently imposing a more extensive liability than that which the law requires as the condition of obtaining an injunction in such cases, was probably intended only to express that liability in a different form and more fully than was done before. But whether so or not, as the declaration states no other decree but a simple dissolution of the injunction, and lays no foundation for a claim under the bond, except in that decree and in the alleged judgment on the note for $110 25, no question arises in this case as to the effect of this part of the condition in imposing any distinct obligation, and we are not called on to determine its proper construction or effect, further than to say that it does not vitiate the other provisions which are in substantial conformity with the requisitions of the act.

The declaration is considered as substantially good. It cannot be regarded as claiming any other damages than the debt, costs and interest as due by the decree and judgment. The allegation of breach is somewhat confused by following the words of the condition. But the words "or damages," are understood not as including any new demand or breach, but merely as an equivalent or substitute either for interest, the immediate antecedent, or for debt, costs and interest as before expressed.

In this view of the subject, we are of opinion that the Court properly overruled the demurrer to the declaration, and properly sustained the demurrers to the three first pleas. But as the fourth plea merely stated that no damages had been decreed on the dissolution of the injunction, it was no bar to the action, nor indeed to any part of the demand set up, and not being a traverse of any fact averred by the plaintiff, it was in effect, no plea or defence in the case, and should have been adjudged bad on the demurrer.

But although the action was not answered by any plea, and the plaintiff might, if the case had been in a condition for final judgment, have been entitled to the amount of his note with interest, and by amendment of the declaration, might be entitled to the costs at law, and any costs awarded on dissolution of the injunction; yet for the errors before noticed, the judgment is reversed and the cause remanded, with directions to sustain the demurrer to the fourth plea, and for further proceedings.

*Apperson* for plaintiff; *Hazlerigg and Brown* for defendant.