# CHARLESTON.

STATE *ex rel.* ISADORE POULTON, *et als.* *v.* THEODORE L.
HARRIS, *et als.*

Submitted September 11, 1923.   Decided October 30, 1923.

INJUNCTION—*Injunction Bond Held Valid.*

Where an order awarding an injunction requires that: "The injunction therein awarded should not take effect until bond with good security had been given before the Clerk of said Court, in the penalty of Ten Thousand Dollars, conditioned to pay any judgment and cost which may be awarded the said Isadore F. Poulton, Orville H. Moore and Charles H. Dunaway, against the said Theodore L. Harris for damages in case said injunction should be dissolved," and the bond conditioned: "If the said Theodore L. Harris shall pay all costs and damages which may be awarded against him or sustained by any person so enjoined by reason of suing out the said injunction, should the said injunction be hereafter dissolved, then the above obligation to be void, otherwise to remain in full force and effect;" though such bond does not comply strictly with the decree, yet it is a valid obligation and the obligors therein are bound for the performance of its conditions.

Case Certified from Circuit Court, Ohio County.

Action by the State, on the relation of Isadore Poulton and others, against Theodore L. Harris and others.   A demurrer to the declaration was overruled, and the case is certified for review.

*Affirmed.*

*J. Bernard Handlan* and *G. Alan Garden,* for plaintiffs.
*Tom B. Foulk* and *J. M. Ritz,* for defendants.

McGINNIS, JUDGE:

This is an action of debt on an injunction bond, and is certified here by the Circuit Court of Ohio County upon the sufficiency of the declaration, a demurrer to same having been overruled by the lower court.

The allegations in the declaration, which are material upon this demurrer, are as follows: that on the 7th day of October, 1919, Theodore L. Harris, one of the defendants in this case,

instituted a suit in equity in said court against the plaintiffs in this case, the bill alleging that a public garage which the said plaintiffs in this case were then about to construct in the City of Wheeling, on a lot owned by the defendants on the south side of Ohio Street, between South Penn Street and South Front Street on Wheeling Island, would be a nuisance to the said Theodore L. Harris and the adjoining property owners and further that the said garage was being constructed contrary to the provisions of a certain ordinance of the city of Wheeling, and prayed for an injunction restraining and enjoining them from further proceeding with the construction thereof; the injunction was awarded by one of the judges of said court according to the prayer of the bill, on the 7th day of October, 1919, and the decree awarding said injunction, required that said injunction should not take effect until bond, with good security, had been given before the clerk of said court in a penalty of $10,000.00 "Conditioned to pay any judgment and costs which may be awarded the said Isadore F. Poulton, Orville M. Moore and Charles H. Dunnaway against the said Theodore L. Harris for damages in case the said injunction be dismissed." And, on the 9th day of October, 1919, the said defendants, Theodore L. Harris, J. H. Shafer, B. F. Garder and James Amien, by their writing obligatory, acknowledged themselves to owe and be indebted to the State of West Virginia in the sum of $10,000.00, conditioned to pay all costs and damages which may be awarded against the defendant Harris or sustained by any person so enjoined by reason of sueing out the said injunction should the same be hereafter dissolved."

The declaration alleges that the injunction was dissolved in due form of law on the 14th day of February, 1920. In the declaration the amount demanded was itemized. The declaration sufficiently alleges the payment and liability to pay these items by reason of sueing out the injunction, and as to whether or not any of the items charged will be allowed by a jury upon the trial does not arise on a demurrer to the declaration, provided the declaration on its face shows any item that is properly allowable; and this declaration shows, upon its face, more than one of such items.

The defendant claims that these items are not definitely and sufficiently set out and for that reason the demurrer to the declaration should be sustained. We do not think this position is tenable. The items are definitely set forth sufficiently to at least give the defendant notice, in a general way, of the damages plaintiff proposes to prove and the nature and extent of the same, however if these items are not stated in the declaration with sufficient and specific particularity, ''The court may order a statement to be filed of the particulars of the claim, or of the ground of defense; and if a party fail to comply with such order, when the case is tried or heard, exclude evidence of any matter not described in the notice, declaration, or other pleading of such party so plainly as to give the adverse party notice of its character.'' Barnes Code 1923, sec. 46, ch. 130.

The point most strongly insisted upon by the defendant in support of the demurrer to this declaration is that the conditions of the bond, executed by the defendants and sued upon in this case, are more comprehensive than the order of the court awarding the injunction required, and for that reason the conditions of the bond not so required are void. These defendants signed this bond voluntarily, with full knowledge of the fact that the conditions of the same were more comprehensive than the order awarding the injunction required. It was given for a valuable consideration and for a lawful purpose. Notwithstanding the fact that the bond is more comprehensive than the order awarding the injunction, this is a good common law bond.

The questions which arose in this case are fully and elaborately discussed in the opinion of Judge WOODS in the case of *State* v. *Purcell,* 31 W. Va. 44. In that case, the question arose as to the variance between the conditions required in the order awarding the injunction and the conditions in the bond sued upon, and in accordance with the principles enunciated in that case and many others there cited, we hold that the court did not err in overruling the demurrer to the declaration in this case and it will be so certified.

                                                                      *Affirmed.*