# CHARLESTON.

## STATE *ex rel. v.* DOTTS.

Submitted June 9, 1888.—Decided Dec. 1, 1888.

1. BOND—BREACH OF CONDITION.

On November 2, 1884, a bond in the penalty of $1,500.00 was executed by Toliver Dotts and Thomas E. Davis, obligors, to the State of West Virginia, obligee, before the clerk of the Circuit Court of Ritchie county. In the recital preceding the condition of this bond it was stated, that "Toliver Dotts had obtained from the Judges of the Supreme Court of West Virginia a writ of error to a judgment of the Circuit Court of Ritchie county on the 6th day of May, 1879, in a certain case therein pending, in which B. F. Mitchell, sheriff of Ritchie county and administrator of Peter Garrett, was plaintiff, and Toliver Dotts was defendant;" and the condition of this bond was as follows: "Now, if said Toliver Dotts shall well and truly perform and satisfy said judgment or any part thereof, proceedings on which are stayed, in case the said judgment or any part thereof be affirmed, or said writ of error dismissed, and also pay all damages and costs or fees, which may be awarded against

or incurred by him, then the above obligation to be void; otherwise to remain in full force and virtue." *Held*—This bond being forfeited by the dismissal of this writ of error, the obligors in it were responsible not only for all damages and costs and fees, which had been awarded against or incurred by Toliver Dotts, when said writ of error was dismissed, but also for the amount of the said judgment against Toliver Dotts, which had been superseded by the order of the Supreme Court of Appeals, which was afterwards dismissed.   (p. 826.)                              .

2. BOND—DECLARATION—COMMON-LAW PLEADING—EVIDENCE.

In declaring on such a bond, the declaration may allege as a fact, that the Supreme Court of Appeals had awarded a writ of error and *supersedeas* to said judgment, to take effect when the defendant below, or some one for him, executed before the clerk of the Circuit Court with good security a bond in the penalty of $1,500.00 with the condition required by law; and that this bond was accordingly executed to give effect to such writ of error and *supersedeas;* and such fact might be proven by other evidence than the bond itself.   (p. 830.)

3. BOND—BREACH OF CONDITION—DECLARATION—COMMON-LAW PLEADING—DEMURRER.

But a declaration on such bond can not be demurred to, because it fails to allege these facts, if it set forth correctly the bond and its condition and properly allege the breach of the condition; for the bond itself on its face contains evidence, from which the legal inference is, that a writ of error and *supersedeas* had been awarded to such judgment.   (p. 831.)

## Statement of the case by GREEN, JUDGE:

This was an action brought in the Circuit Court of Ritchie county on the following bond:

" *State of West Virginia, Ritchie County, to-wit :*  Know all men by these presents, that we, Toliver Dotts and Thomas E. Davis, are held and firmly bound unto the State of West Virginia in the penal sum of fifteen hundred dollars, for the payment whereof, well and truly to be made, we bind ourselves, our heirs and executors and administrators, jointly and severally, firmly by these presents.   Sealed with our seals, and dated this 2d day of May, 1884.   The condition of the above obligation is such that, whereas Toliver Dotts has obtained from the Judges of the Supreme Court of Appeals of West Virginia a writ of error to a judgment of the Circuit Court of Ritchie county, on the 6th day of May, 1879,

in a certain cause therein pending, in which B. F. Mitchell, sheriff of Ritchie county, and administrator of Peter Garrett, was plaintiff and Toliver Dotts was defendant: Now, if said Toliver Dotts shall well and truly perform and satisfy said judgment or any part thereof, proceedings on which are stayed, in case the said judgment or any part thereof be affirmed, or said writ of error dismissed, and also pay all damages and costs or fees which may be awarded against or incurred by him, then the above obligation to be void; otherwise to remain in full force and virtue.

"TOLIVER DOTTS.    [Seal.]<br>
"THOS. E. DAVIS.    [Seal.] "

The declaration was filed at the September rules, 1884. It was in the usual from of a declaration on a bond given on obtaining a writ of error without a *supersedeas*, and a breach of the condition of this bond is set out in the declaration as follows :

" And the said plaintiff avers that the said Toliver Dotts, although the said writ of error and *supersedeas* aforesaid was dismissed, has not since applied for and obtained a writ of error or *supersedeas* to the said judgment aforesaid in the manner and within the time prescribed by law, and that the said judgment so rendered by the Circuit Court of Ritchie county still remains in full force and effect. And the said plaintiff avers that the said Toliver Dotts has not paid the said sum of $34.10 costs, so awarded against him as aforesaid, or any part thereof, and so has broken the condition aforesaid of said writing obligatory, whereby the writing obligatory has become forfeited, and an action has accrued to the plaintiff to demand and have from the said defendants the said sum of fifteen hundred dollars first above demanded."

The court by an order made at the October term on the plaintiff's motion gave him leave to go to rules and amend his declaration ; and an amended declaration was filed at the January rules, 1885, and the defendants summoned to answer it. This declaration set out said bond and further alleged :

"And the said plaintiff avers that said Toliver Dotts has not, since the said dismissal by the said Supreme Court

of Appeals of West Virginia of his said writ of error aforesaid, applied for and obtained from said Supreme Court of Appeals of West Virginia a writ of error and *supersedeas* to the said judgment rendered on the 6th day of May, 1879, by the Circuit Court of Ritchie county, but that the same still remains in full force and effect. The plaintiff avers that the amount of the judgment so obtained in the Circuit Court of Ritchie county on the 6th day of May, 1879, by B. F. Mitchell, sheriff, and administrator of Peter Garrett, deceased, of Ritchie county, against the said Toliver Dotts, was six hundred and fifty-two dollars and seventeen cents, ($652.17,) with interest thereon from the 1st day of March, 1872, and $129.55 costs by him expended in and about obtaining the said judgment. And the plaintiff avers that the amount of costs paid by and expended by the said plaintiff in defending the writ of error in said writing obligatory mentioned was $34.10, and which costs were by the said Supreme Court of Appeals of West Virginia awarded against the said Toliver Dotts, to-wit, by its order and mandate of the 12th day of June, 1884, as aforesaid, and which was entered of record in the order-book of the Circuit Court of Ritchie county on the —— day of ——, 1884. And the plaintiff avers that the said defendant, Toliver Dotts, has not paid to the plaintiff the costs awarded by the said Supreme Court of Appeals of West Virginia against him, or any part thereof, and has not satisfied the judgment of the Circuit Court of Ritchie county in the condition of said writing obligatory mentioned, or any part thereof, but has wholly neglected and refused, and still doth neglect and refuse, to pay any of the sums aforesaid, or any part thereof, and so hath broken the conditions aforesaid of the said writing obligatory."

To this declaration defendants demurred; and the court overruled the demurrer on February 28, 1885. The defendants afterwards pleaded conditions performed and conditions not broken, and the plaintiffs replied generally to their pleas, and issue was joined on these pleas. On March 3, 1887, the following order was entered by the court:

" This day came the parties, by their attorneys, and, the demurrer made at a former term of this court being argued

by counsel and considered by the court, the court doth over-
rule the said demurrer. Thereupon the defendants ten-
dered a special plea in writing, to the filing of which the
plaintiff objects, which objection being argued by counsel
and considered by the court, the court doth overrule the ob-
jection, and permitted said special plea to be filed, which
is accordingly done; and the plaintiff replies generally to
the special plea in writing, and issue is thereon joined.
Thereupon came a jury, to-wit: Henry M. Smith, Chas. A.
Ward, John F. Reeder, Charles E. Walters, J. W. McCollum,
John W. Britten, Nathan M. Smith, John T. Utterback, W.
A. S. Adams, Cyrus Washburne, and W. H. Amos, all good
and lawful men, selected, tried and sworn the truth to speak
upon the issue joined, and, after hearing the evidence and
argument of counsel, were sent to their chamber to consider
their verdict, and after some time returned into court, and,
not having agreed upon a verdict, are adjourned over until
to-morrow morning at 9 o'clock."

The special plea referred to in the foregoing order is in
the words and figures following, to wit :

### SPECIAL PLEA.

" *The State of West Virginia, use of Henry Garrett, Adm'r,*
vs. *Toliver Dotts and T. E. Davis.*—In debt.

" The defendants, by their attorney, Geo. Loomis, come
and defend the wrong, injury, *etc.*, and for plea say that the
plaintiff ought not to have and maintain the aforesaid action
thereof against them, except as to the sum of $34.10 costs by
it recovered in the Supreme Court of Appeals against them,
as in the plaintiff's declaration is alleged, (the recovery of
which by the plaintiff the defendants do not gainsay,) be-
cause they say that at the time the supposed judgment in
the plaintiff's declaration was obtained by B. F. Mitchell,
sheriff of Ritchie county and administrator of Peter Garrett,
against Toliver Dotts, (one of the defendants,) to wit, on the
7th day of March, 1879, for the sum of $652.17, with interest
from the 1st day of March, 1872, and $129.55 costs, the said de-
fendant Toliver Dotts, was wholly insolvent, except as to about
three acres of land with its appurtenances, situated in Tyler
county, West Virginia, which property was sold under a de-

cree of the Circuit Court of Tyler county in the year 1882, after the said appeal or writ of error was allowed, but before the bond in the case sued on was executed, and by the giving which bond the said writ of error was consummated; which said property was so subjected to sale in part satisfaction of the judgment aforesaid, and from which sale there was realized about $180, which was or ought to be applied as a credit on said judgment. So the defendants say that at the time the bond sued on in this case was so executed, and for some time theretofore, and during all the period between the time of giving said bond and the time of the dismissal of the writ of error as in the plaintiff's declaration is alleged, the said Toliver Dotts was wholly and totally insolvent, and nothing could have been made from him or his estate by legal process. These defendants therefore say that the said plaintiff was in nowise damaged, hindered, delayed, or prevented from obtaining satisfaction of its said judgment, either in whole or in part, by reason or in consequence of granting said writ of error, nor by the giving the said bond which consummated said writ, nor by reason of suspending the operation of said judgment in consequence thereof, except as to the aforesaid sum of $34.10, being costs awarded by the said Supreme Court of Appeals as aforesaid; and this the said defendants are ready to verify. Wherefore they pray judgment if the said plaintiff ought to have or maintain its aforesaid actions against them."

The jury did not agree on a verdict and were discharged. At another term of the court, on July 8, 1887, with consent of parties the matters of law and fact in this case were submitted to the court in lieu of a jury. And the following order was entered as the judgment of the court:

"This day came the plaintiff and defendants, by their attorneys, and by consent and agreement the matters of law and fact were submitted to the court in lieu of a jury, upon consideration whereof, the court is of opinion and doth ascertain and determine that the said plaintiff is entitled to recover the sum of fifteen hundred dollars, the penalty of the bond sued on, but to be discharged by the payment of the sum of twelve hundred and sixty-five 96-100 dollars, being the amount of debt and interest computed to the 8th

day of November, 1887; but this judgment is subject to a credit of $180.00, the amount set forth in the special plea filed in this cause, with interest from January 1, 1882, to November 8, 1887, making the total credit $243.00, including interest; and also the further sum of $34.10, the amount of costs incurred by the said plaintiff in his defense to the said defendants' appeal in the Supreme Court of Appeals of West Virginia, as shown by mandate of said Court."

The defendants moved the court to set aside its finding and grant them a new trial, because the same is contrary to the law and evidence, which motion was argued by counsel and overruled by the court.

"It is therefore considered by the court that the said plaintiff recover against the said defendants, Toliver Dotts and Thomas E. Davis, the sum of eleven hundred and eighty six 61-100 dollars, being the aggregate of the said several sums of money hereinbefore mentioned, with interest from the 8th day of November, 1887, until paid, after deducting the credit aforesaid, to wit, $243.00 and the costs of this suit."

The defendant excepted to the ruling of the court, and saved a bill of exceptions, which is as follows:

"Be it remembered, that after the court pronounced its judgment in the above entitled cause, the defendants moved the court to set aside its judgment and grant them a new trial on the ground, that the same was contrary to the law and evidence in this cause. But the court overruled the motion, and refused to set aside its judgment and grant a new trial. Thereupon the defendants prayed the court to certify the facts proven on the trial as follows: The plaintiff, in order to sustain the issue on its part, introduced the bond sued on; and to further sustain the issue introduced the judgment set out in the declaration obtained by B. F. Mitchell, administrator of Peter Garrett, deceased, against Toliver Dotts; and to further sustain the issue on their part introduced the mandate of the Supreme Court of Appeals of West Virginia, showing the dismissal of the appeal and writ of error obtained by the defendant, Toliver Dotts. And the defendants in order to sustain the issue on their part offered to show and did show, that at the rendition of the judgment appealed from, the said Toliver Dotts was insolvent, except

as to about 3 acres of land in Tyler county, which property was sold under a decree of the Circuit Court of Tyler county in 1882, after the said appeal or writ of error was allowed, but before the bond in the declaration mentioned was executed to perfect said appeal, from which sale the sum of $180.00 was realized; and at the time the appeal-bond was executed in this cause by Toliver Dotts he was utterly insolvent, and has continued so ever since. And also, to further sustain the issue on their part, claimed a credit of $180.00, paid on said judgment as of 1st January, 1882, which the counsel for the plaintiff agreed should go as a credit upon the judgment obtained against said Dotts, being for the sale of the Tyler county land. It was further proven by the defendants, that from the time of the execution of the said appeal-bond until after the dismissal of the appeal, there was no time when anything could have been made by process of law from the said Toliver Dotts, as shown by the deposition of Dotts, filed in this cause. And these being all the facts proven on said trial to the opinion of the court in overruling said motion to grant a new trial the said defendants, by counsel, except, and this their bill of exceptions tender, and pray that the same may be signed, sealed, and saved unto them, and made a part of the record in this cause, which is accordingly done."

To this judgment of the Circuit Court of Ritchie county Thomas E. Davis has obtained a writ of error° and *supersedeas.*

*Geo. Loomis* for plaintiff in error.

*R. S. Blair* for defendant in error.

GREEN, JUDGE :

The counsel for the plaintiff in error insists, that, inasmuch as the recital in the condition of the bond sued on is, that " whereas Toliver Dotts has obtained from the judges of the Supreme Court of Appeals of West Virginia a writ of error to a judgment of the Circuit Court of Ritchie county on the . 6th of May, 1879, in a certain case therein pending, in which B. F. Mitchell, sheriff of Ritchie county and administrator of Peter Garrett, was plaintiff, and Toliver Dotts was defend-

ant," this bond must be regarded as given to perfect a writ of error to the judgment of May 6, 1879, and not as given to perfect a writ of error and *supersedeas* to this judgment; and that the condition of the bond should therefore have been: "If the said obligors shall well and truly perform and satisfy, in case the said judgment be affirmed or said writ of error be dismissed, all damages, costs and fees, which may be awarded against or incurred by the said Toliver Dotts, then this obligation to be void; otherwise to remain in full force and virtue;" but there was improperly inserted in the bond the further and additional obligation, "to satisfy said judgment, if it should be affirmed, or the writ of error dismissed;" that this would have been properly inserted in the condition had a "*supersedeas* as well as a writ of error been awarded to this judgment of May 6, 1879, but if no *supersedeas* was awarded to this judgment, then this was a case of an official bond with additional obligations not required by law or by the order of the court directing such official bond to be taken." And it is insisted that such additional obligation so improperly inserted in the bond can not be enforced but must be regarded as mere surplusage.

Whether such additional obligation, not required by the court ordering the bond to be taken, if voluntarily inserted and not contrary to public policy, could be enforced or should be regarded as surplusage and null and void, was fully considered by this Court in the case of *State* v. *Purcell*, *supra*, 44 (5 S. E. Rep. 301) which was a case, where the court in awarding an injunction required, that, before it should take effect, the plaintiff should execute a bond conditioned for all such costs and damages, as shall be incurred or sustained by Griffith, if the injunction should be dissolved. But in addition to this obligation the injunction-bond required, in case the injunction was dissolved, that the plaintiff should pay any decree or order that may be awarded against him in the suit. After a full examination Judge Woods in an elaborate argument expressed the opinion, that this additional obligation to pay such decree was not surplusage and could be enforced, if the injunction was dissolved. Judge Johnson concurred in this opinion; but Judge Snyder in an elaborate opinion (page 65), dissented from the.

conclusion; and I expressed the opinion, that, as the judgment to be rendered in this case would be the penalty of the bond, whether this condition received the construction placed on it by Judge Woods or the one given by Judge Snyder, it was not necessary in that case to determine, which was the proper construction, and I therefore declined to express an opinion on this point, involving a very important legal question, which I thought should be left undecided till some case came before us, which required its decision. Its decision would be involved in this case before us now, if it were true, as insisted by the counsel for the plaintiff in error, that the bond sued on was a bond, which we must regard as given on a writ of error only, and not as given on the awarding of a writ of error and *supersedeas*. But I regard the bond sued on as given on a writ of error and *supersedeas* being awarded; and, if this be so, its condition was a proper one, and there was not any additional obligation improperly added to the condition of the bond; and of course the question discussed in *State* v. *Purcell* does not arise in this case.

The question then to be considered in this case is: Was the bond sued on given to carry into effect a simple writ of error, or was it given to carry into effect a writ of error and *supersedeas?* The counsel for the plaintiff in error insists, that the recital in the condition of the bond, that Toliver Dotts has obtained a writ of error to the judgment of the Circuit Court of Ritchie county "settles this question and conclusively shows, that a writ of error only was obtained to this judgment, and this bond was given to perfect such writ of error." It is certainly true, that a recital of an explanatory fact in the condition of a bond is to be taken as a conclusive admission of it; and that, if necessary, such admission of a particular fact will be held to restrain the operation of the terms of the condition, although they may imply a larger liability than would consist with the words of the recital. See *Payler* v. *Homersham*, 4 Maule & S. 425; *Pearsall* v. *Summersett*, 4 Taunt. 593; *Bennehan* v. *Webb*, 6 Ired. 57. The reason of this rule of construction, as appears from these cases, is, as said by Lord Ellenborough in the first of the cases: "In order to construe any instrument truly,

you must have regard to all its parts and most especially to the particular words of it." This reasoning leads to another rule: "that the language of the condition is to be taken into consideration." And hence, if a particular fact is recited in the condition of a bond, and another fact not inconsistent with the fact stated in the recital proper of the condition is stated as existing, this second fact must be regarded in construing the bond; and it would seem proper to construe it just as though both facts had been set out in their proper place,—the recitals in the condition of the bond.

Thus in the case before us the recital preceding the condition in the bond sued on states, that a writ of error has been obtained from the Supreme Court of Appeals of West Virginia to a certain judgment, and in the condition itself it is stated, " that proceedings on this judgment have been stayed." Thus the condition of this bond shows, that when executed there had not only been granted by the Supreme Court of Appeals a writ of error to said judgment but also a *supersedeas*. They may have been granted at different times, but obviously both had been granted; and as the condition of this bond is the precise condition, which the statute-law requires to be given to give effect to a writ of error and *supersedeas*, and is materially different from that required to be given to give effect to a writ of error, the conclusion seems necessary, that the bond was given to put into effect a writ of error and *supersedeas*, and not simply a writ of error; and this conclusion does not contradict the recital preceding the condition of the bond. That, it is true, simply recites, that a writ of error had been awarded to this judgment. But that is entirely consistent with the awarding at the subsequent or same term a writ of *supersedeas*. And in fact the condition subsequently shows, that a writ of *supersdeas* was awarded before this bond was given.

In the case of *Bank* v. *Willard*, 10 N. H. 210, it is held, that a bond with a condition to indemnify bank against loss by reason of advances to a certain party, though the recitals of the condition seemed to limit the object to the payment of bills or notes thereafter to be discounted, yet, because in the condition the words " so discounted or which may be discounted," were used, was intended to indemnify against

existing as well as future liabilities. If my conclusion is right, that the bond sued on in the case before us was a bond given to put into effect a writ of error and *supersedeas* to the judgment mentioned in it, then there can be no controversy, that the obligors in this bond were liable upon it for the amount of said judgment as well as the damages, costs and fees awarded against Toliver Dotts or incurred by him, when his writ of error was dismissed   This was the conclusion of the court below; and the final judgment in this case, to which a writ of error has been awarded, is based obviously on this view of the legal effect of this obligation.

There were however some questions raised in the court below with reference to the pleadings. The special plea of the defendant was objected to by the plaintiff, and the amended declaration of the plaintiff was demurred to by the defendant. The pleadings in this case might have been made more perfect.   The real question in controversy between the parties was, whether the conditional bond dated May 2, 1884, and acknowledged before the clerk of the Circuit Court of Ritchie county, was to be regarded as binding the obligors in it only to the extent, that they would be bound by a legal bond given to make effective a writ of error to the judgment named in it, or whether the obligors in this bond were also bound to perform and satisfy the judgment.

.  If my conclusion is right, that the bond sued on in the case before us was a bond given to put into effect a writ of error and *supersedeas* to the judgment mentioned in the bond, the defendant could have raised this question, whether this bond was given to give effect to a writ of error only or to a writ of error and *supersedeas* to this judgment, by pleading directly, that the order of the Supreme Court of Appeals was an order granting a writ of error only to said judgment; or the plaintiff could have raised this question by alleging as a matter of fact in his declaration, that this bond was given before the clerk of the Circuit Court of Ritchie county under an order of the Supreme Court of Appeals awarding a writ of error and *supersedeas*, and not a writ of error only to said judgment.   That the question involved in this case could have been properly presented in this form of

pleading appears in the case of *Payler* v. *Homersham,* 4 Maule & S. 423, where the condition of the bond being as in the case before us ambiguous on its face, its true meaning was explained by the allegations in the pleadings of certain facts not clearly appearing on the face of the bond or its condition as actually existing. But, while it would have been better for the pleadings to have assumed this form, yet it was optional with the parties to thus put directly in issue the question, whether the bond sued on was a bond given on a writ of error only or on a writ of error and *supersedeas.* The plaintiff had a right, if he thought the bond on its face showed, that it was given on a writ of error and *supersedeas,* to sue upon it and set forth the bond and its condition and allege breach of the condition without alleging, what was the special occasion of the giving of the bond. This was the character of the declaration in *Payler* v. *Homersham.* The demurrer to the amended declaration was therefore properly overruled.

The special plea of the defendants, that, when this bond sued on was executed, the principal, Toliver Dotts, was wholly and totally insolvent, and nothing could thereafter have been made from him or his estate by legal process on said judgment, ought to have been rejected by the court below, for the reason that it set out no defence to the plaintiff's action or any part thereof. But of course the defendant below, Thomas E. Davis, was not prejudiced by this error of the court below, and he can not complain of it in this Court.

I am for these reasons of opinion, that there was no error in the final judgment of the Circuit Court of Ritchie county, that the plaintiff recover against the defendants, Toliver Dotts and Thomas E. Davis, the sum of $1,186.51 with interest thereon from November 8, 1887, and $243.00 costs of this suit. Nor is there any error in the refusal of the court to set aside this judgment and grant a new trial on the motion of the defendants below.

This judgment of the court below as well as the overruling of said motion is therefore affirmed; and the plaintiff in error must pay to the defendant in error, Henry Garrett, administrator *de bonis non* of Peter Garrett deceased, his

costs in this Court expended and damages according to law.

AFFIRMED.